UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALAN MICHAEL BARTLETT,

    Petitioner,

Case No. 23-cv-13029
Hon. Matthew F. Leitman

v.

ERIC RARDIN,

    Respondent.
_____/

**ORDER (1) DISMISSING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1) AND (2) TERMINATING PETITIONER'S MOTION FOR APPOINTMENT OF AN INVESTIGATOR AS MOOT (ECF No. 2)**

Petitioner Alan Michael Bartlett is a federal inmate in the custody of the Federal Bureau of Prisons. He is currently incarcerated at FCI Milan in Milan, Michigan. On November 30, 2023, Bartlett filed (1) a petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2241 and (2) a motion for the appointment of an investigator. (*See* Pet., ECF No. 1; Mot., ECF No. 2.) In the petition, Bartlett seeks relief from his convictions in the United States District Court for the District of Alaska. For the reasons explained below, the petition is **DISMISSED** and Bartlett's motion is **TERMINATED** as moot.

**I**

In 2015, a jury in the District of Alaska convicted Bartlett of two counts of mail fraud, 18 U.S.C. § 1341, twenty counts of bank fraud, 18 U.S.C. § 1344, five

1

counts of wire fraud, 18 U.S.C. § 1343, five counts of false statements, 18 U.S.C. § 1001, and five counts of aggravated identity theft, 18 U.S.C. § 1028A. The United States District Court for the District of Alaska then sentenced Bartlett to 156 months' imprisonment and ordered him to pay $8,568 in restitution. (*See United States v. Bartlett*, D. Alaska Case No. 13-44, ECF No. 349.)

Bartlett filed a direct appeal in which he asserted that the trial court failed to timely hold a competency hearing. The Ninth Circuit affirmed his convictions on January 24, 2017. *See United States v. Bartlett*, 675 F. App'x 759 (9th Cir. 2017).

On October 2, 2018, Bartlett filed a motion for post-conviction relief under 28 U.S.C. § 2255 in which he raised twenty-nine claims. (*See United States v. Bartlett*, D. Alaska Case No. 13-44, ECF No. 521.) The district court denied the motion. (*See id.*, ECF No. 553.) The Ninth Circuit then denied him a Certificate of Appealability. *See United States v. Bartlett*, 2020 U.S. App. LEXIS 15752 (9th Cir. May 15, 2020).

Bartlett then sought permission to file at least two successive motions under Section 2255, and the Ninth Circuit denied him permission to do so. *See Bartlett v. United States*, 2022 U.S. App. LEXIS 7663 (9th Cir. March 23, 2022); *Bartlett v. United States*, Case No. 23-386 (9th Cir. June 30, 2023). In his second motion for permission to file a successive Section 2255 petition, Bartlett asserted that he had new evidence indicating that the complainants who testified at his trial were

2

government agents posing as civilians. (*See* Mot. for Authorization, *United States v. Bartlett*, D. Alaska Case No. 13-44, ECF No. 604-1.) The Ninth Circuit concluded that Bartlett had failed to demonstrate an entitlement to file a successive motion under 28 U.S.C. § 2255(h)(1) or (2). (*See id.*, ECF No. 604.)

Bartlett was subsequently transferred to FCI Milan in this Court's jurisdiction, and on November 30, 2023, he filed his current petition under Section 2241. In that petition, Bartlett again claims that government agents posed as civilian victims at his trial. (*See* Pet., ECF No. 1, PageID.11-15.) Bartlett asserts that he is entitled to proceed under Section 2241 because the Ninth Circuit has barred him from proceeding under Section 2255 in the District of Alaska.

## II

Bartlett's claims in his petition are not cognizable under Section 2241. Ordinarily, "[a] federal prisoner must challenge the legality of his detention by motion under 28 U.S.C. § 2255," not in a Section 2241 petition. *Wooten v. Cauley*, 677 F.3d 303, 306 (6th Cir. 2012). A limited exception to this rule is found in the "savings clause" of Section 2255(e). The savings clause of Section 2255(e) allows a federal prisoner to challenge the lawfulness of his conviction or sentence under Section 2241 only if "the remedy [under § 2255] is inadequate or ineffective to test the legality of his detention.'" 28 U.S.C. § 2255(e). "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective," *Charles v.*

3

*Chandler*, 180 F.3d 753, 756 (1999), and the circumstances under which that burden may be met "are narrow." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). As the Supreme Court recently explained, the savings clause cannot be used as "end run" around the procedural limitations placed on post-conviction review by Section 2255. *Jones v. Hendrix*, 143 S.Ct. 1857, 1868 (2023). Instead, the savings clause applies only where "unusual circumstances make it impossible or impracticable to seek relief in the sentencing court." *Id.* at 1866.

The "narrow" and "unusual" circumstances that could allow Bartlett to proceed under Section 2241 do not exist here. As described above, Bartlett already unsuccessfully sought post-conviction review under Section 2255 in the District of Alaska, and the Ninth Circuit twice ruled that he was not entitled to file a successive motion for habeas relief. The fact that Bartlett failed to demonstrate entitlement to file a successive motion under Section 2255(h) does not mean that his remedy under Section 2255 is inadequate or ineffective. Indeed, Section 2241 is not an "additional, alternative, or supplemental remedy" to a motion to vacate, set aside, or correct a sentence under Section 2255. *Charles*, 180 F.3d at 758. *See also Jones*, 143 S.Ct. at 1868. The Court therefore lacks jurisdiction to adjudicate Bartlett's petition.[1] *See Taylor v. Owens*, 990 F.3d 493, 499-500 (6th Cir. 2021) (concluding that habeas

---

[1] Because the Court is dismissing Bartlett's Section 2241 petition, it will **TERMINATE** his motion to appoint an investigator (ECF No. 2) as **MOOT**.

4

petitioner had failed to show that "a section 2255 motion [was] inadequate or ineffective to challenge his sentence" and therefore directing district court to dismiss Section 2241 petition for lack of subject-matter jurisdiction).

### III

For the reasons explained above, the Court **SUMMARILY DISMISSES** Bartlett's petition. *See* 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Habeas Corpus Cases.

The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision cannot be taken in good faith. Bartlett is therefore **DENIED** permission to appeal this decision *in forma pauperis*.

Finally, the Court notes that a Certificate of Appealability is not needed to appeal the denial of a habeas petition filed under § 2241. *See Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004).

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: June 4, 2024

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 4, 2024, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126