UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALAN MICHAEL BARTLETT,

    Petitioner,     Case No. 23-cv-13029
                              Hon. Matthew F. Leitman

v.

ERIC RARDIN,

    Respondent.
_____/

## ORDER DENYING (1) PETITIONER'S MOTION TO FILE AMENDED HABEAS PETITION (ECF No. 10)

Petitioner Alan Michael Bartlett says that he is a federal inmate in the custody of the Federal Bureau of Prisons. He alleges that he is currently incarcerated at FCI Milan in Milan, Michigan.[1] In 2018, Bartlett unsuccessfully sought habeas relief

---

[1] In Bartlett's proposed amended habeas petition, he says that he is "currently confined at: FCI Milan." (Proposed Am. Pet., ECF No. 11-1, PageID.129.) But it appears that Bartlett was actually released from his term of incarceration on December 4, 2023. A habeas petitioner who is on supervised release remains "in custody" for purposes of Section 2241. *See, e.g.*, *Faison v. Eichenlaub*, 2008 WL 5422761, at *2 (E.D. Mich. Dec. 30, 2008) (rejecting argument that petitioner's Section 2241 petition was moot because petitioner had been released from custody and explaining that "if [p]etitioner's habeas claims were found meritorious by this Court, the length of his supervised release term would be shortened. Consequently, the Court finds that the petition is not rendered moot by [p]etitioner's release from incarceration where he is still serving a term of supervised release"); *Hannah v. Marberry*, 2006 WL 3694619, at ** 1-2 (E.D. Mich. Dec. 13, 2006) ("[P]ersons on parole, probation, bail or supervised release may be 'in custody' for purposes of [Section] 2241").

1

under 28 U.S.C. § 2255 in the United States District Court for the District of Alaska. (*See United States v. Bartlett*, D. Alaska Case No. 13-44, ECF No. 553.) The United States Court of Appeals for the Ninth Circuit thereafter denied him leave to file a successive Section 2255 motion. *See Bartlett v. United States*, 2022 U.S. App. LEXIS 7663 (9th Cir. March 23, 2022); *Bartlett v. United States*, Case No. 23-386 (9th Cir. June 30, 2023).

On November 30, 2023, Bartlett filed a petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2241 (*See* Pet., ECF No. 1.) In the petition, Bartlett again sought relief from his convictions in the United States District Court for the District of Alaska. (*See id.*) On June 4, 2024, the Court dismissed Bartlett's petition in a written order. (*See* Order, ECF No. 7.) As the Court explained in that order, Bartlett's claims are not cognizable under Section 2241. (*See id.*) The Court therefore dismissed Bartlett's petition for lack of subject-matter jurisdiction. *See Taylor v. Owens*, 990 F.3d 493, 499-500 (6th Cir. 2021) (concluding that habeas petitioner had failed to show that "a section 2255 motion [was] inadequate or ineffective to challenge his sentence" and therefore directing district court to dismiss Section 2241 petition for lack of subject-matter jurisdiction).

On June 11, 2024, Bartlett filed an amended petition for a writ of habeas corpus. (*See* Proposed Am. Pet., ECF No. 10.) The Court will construe the amended petition as a motion for leave to file an amended petition and will **DENY** it. Simply

2

put, Bartlett has not shown that the Court erred when it dismissed his Section 2241 petition. Nor has Bartlett shown that he has a right to challenge his convictions under Section 2241. Thus, because Bartlett has not persuaded the Court that it has subject-matter jurisdiction in this case, the Court declines to grant him leave to file an amended habeas petition.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: June 13, 2024

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 13, 2024, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126